1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

8

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMY KONDA, an individual, | Case No. _____ |
| Plaintiff, | NOTICE OF REMOVAL |
| v. | |
| UNITED AIRLINES, INC., a Delaware corporation, | |
| Defendant. | |

9

10

11

12

13

14

15

**DEFENDANT'S NOTICE OF REMOVAL**

16

Defendant United Airlines, Inc. ("United" or "Defendant") hereby removes the above-

17

captioned action from the Superior Court of King County, State of Washington to the Western

18

District of Washington, asserting jurisdiction under 28 U.S.C. § 1331 and removal jurisdiction

19

under 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice of Removal, Defendant states

20

as follows:

21

**BACKGROUND**

22

1.      On July 2, 2021, Plaintiff Amy Konda filed an action in King County Superior

23

Court titled *Amy Konda v. United Airlines, Inc.*, King County Superior Court, State of Washington

24

Cause No. 21-2087236-SEA.  Plaintiff alleges a claims of disability discrimination, failure to

25

accommodate, and retaliation. All three causes of action are brought under the Washington Law

26

Against Discrimination ("WLAD"), Chapter 49.60, RCW.

NOTICE OF REMOVAL - 1

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

2.      On September 8, 2021, Plaintiff served a copy of the Complaint and the Summons on Defendant.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the state court docket sheet, including and all other pleadings, orders, papers, or exhibits now on file with the state court, consisting of: Plaintiff's original complaint, Plaintiff's return of service filing, and Defendant's counsel's notice of appearance, are now attached hereto as Exhibit 1.

3.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), as it is being filed within 30 days after Defendant's receipt of a copy of Plaintiff's initial pleading setting forth the claims or relief upon which this action is based.

## DIVERSITY JURISDICTION

4.      This action is removable under 28 U.S.C. § 1441(a) because it is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  The requirements of 28 U.S.C. § 1332(a) have been met because, as detailed below, there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

**I.      Diversity of Citizenship Exists Among the Parties.**

5.      Plaintiff is a citizen and resident of the State of Washington.  (Complaint, ¶ 2)

6.      To determine a corporation's principal place of business for diversity purposes, the appropriate test is the "nerve center" test.  *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).  Under the "nerve center" test, the principal place of business is the state where the "corporation's officers direct, control, and coordinate the corporation's activities" and where the corporation maintains its headquarters.  *Id*. at 92.

7.      Defendant United is a corporation formed under the laws of the State of Delaware. Defendant's principal place of business is in Illinois, which is where Defendant's corporate headquarters and executive offices are located and where Defendant's high-level officers direct, control, and coordinate its activities.  *See Khouri v. United Airlines, Inc.*, 32 Fed. Appx. 318, at *1 (9th Cir. 2002) (affirming district court's determination that United's principal place of business is Illinois), Thus, for purposes of diversity of citizenship, United is a citizen of Illinois and not a

NOTICE OF REMOVAL - 2

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1    citizen of Washington.

2    **II.    The Amount in Controversy Exceeds $75,000.**

3         8.    Where, as here, a state court complaint does not specify the total amount of

4    damages sought, the removing defendant bears the burden of showing that it is "more likely than

5    not" that the amount-in-controversy exceeds the jurisdictional minimum.  *Sanchez v. Monumental*

6    *Life Ins. Co.* (9th Cir. 1996) 95 F.3d 856, 862 (internal citation omitted).  Here, while Defendant

7    denies any liability as to Plaintiff's claims, the damages and fees requested by Plaintiff "more

8    likely than not" exceed Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs,

9    as required by 28 U.S.C. § 1441(a) as set forth below:

10                  *a.  Lost Wages and General Damages*

11        Plaintiff's Complaint alleges that Plaintiff suffered lost wages, employment benefits, future

12    earnings, and severe emotional distress.  (Complaint, ¶ 60).  Although Plaintiff does not specify

13    the amount of her damages, it is facially apparent from the Complaint that the allegations likely

14    exceed $75,000.  *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (jurisdictional

15    limit was met where plaintiff pled a "tort theory of recovery" alleging damages including  "pain

16    and suffering" and "humiliation").

17         9.    Moreover, Plaintiff earns an hourly wage of $33.65 and an annual rate of

18    $69,992.00, therefore her claim for loss of past compensation (not including lost benefits for which

19    she was enrolled; e.g., medical, long term disability, and basic, additional and dependent life

20    insurance) during her unpaid leave amounts to $17,497.99 [($69,922.00/12 months) x 3 months].

21    Declaration of Dorota Karpierz in Support of Notice of Removal ("Karpierz Decl.") ¶5.

22         10.    Based on awards in other similar cases alleging discrimination within the Ninth

23    Circuit, it is plausible that a local jury could award Plaintiff more than $60,000 in emotional

24    distress damages.  *See Anderson v. Durham School Services*, JVR No. 809197, 2005 WL 6188546

25    (W.D.Wash.) (jury award of $120,000 for pain and suffering related to plaintiff's disability

26    discrimination and retaliation claims); *Coachmen v. Seattle Auto Management, Inc. d/b/a*

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1    *Mercedes Benz of Seattle; Monjazeb*, JVR No. 1811150040, 1811150040, 2018 WL 5994699

2    (W.D.Wash.) (jury award of $4,697,248 for pain and suffering related to plaintiff's disability

3    discrimination and failure to accommodate claims); *Syznkowski v. Haworth Inc.*, JVR No. 806695,

4    2002 WL 33768649 (King County Superior Court (Wash.)) (jury award of $60,000 for pain and

5    suffering to plaintiff's disability discrimination claims); *Reves v. Triumph Composite Systems, Inc.*,

6    JVR No. 810317, 2008 WL 7717072 (Spokane County Superior Ct. (Wash.))  (jury award of

7    $162,002 for pain and suffering related to plaintiff's disability discrimination claims); *Gautier v.

8    State Department of Social and Health Services*, JVR No. 807064, 2000 WL 33281028 (Thurston

9    County Superior Ct. (Wash.)) (jury award of $750,000 for pain and suffering associated with

10    disability discrimination and failure to accommodate claims).

11         *a. Attorneys' Fees*

12         11.    Plaintiff also seeks attorneys' fees.  (Compl. at the Prayer.) Attorneys' fees are

13    included in calculating the amount in controversy when they are recoverable by the plaintiff under

14    statute or contract.  *Gaut G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (noting

15    that attorneys' fees are to be included in the amount in controversy if the action is brought under

16    a statute that "mandates or allows" the recovery of fees).  The Washington Law Against

17    Discrimination expressly authorizes an award of attorneys' fees to the prevailing party. RCW

18    49.60.180.

19         12.    Accordingly, Defendant is informed and believes that Plaintiff's alleged lost wages,

20    general damages, and attorneys' fees bring the total amount in controversy to a sum exceeding

21    $75,000.

22         13.    Since diversity of citizenship exists between the Plaintiff and Defendant and the

23    matter in controversy between them is in excess of Seventy-Five Thousand Dollars ($75,000), this

24    Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(a)(1).  The action is

25    therefore a proper one for removal to this Court.  Although Defendant denies that Plaintiff is

26    entitled to any relief whatsoever, her allegations satisfy the $75,000 jurisdictional amount in

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   controversy threshold based on her potential to recover lost wages, emotional distress damages,

2   and attorney's fees in this action.

3       14.    Based on Plaintiff's potential recovery for lost wages, general damages, and

4   attorney's fees, Plaintiff's potential damages in this case easily exceed $75,000.

5       15.    Because this action is between citizens of different states and the amount in

6   controversy plausibly exceeds $75,000, exclusive of interest and costs, this Court has original

7   jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).  Accordingly, this action is removable

8   to this Court pursuant to 28 U.S.C. § 1441(a).

9       16.    Because this action is pending in the King County Superior Court, Washington,

10  venue for purposes of removal is proper in this Court pursuant to 28 U.S.C. § 1441(a).

11      17.    Prompt written notice of this Notice of Removal is being sent to Plaintiff through

12  her counsel and to the Clerk of the Court for the Superior Court of King County, Washington, as

13  required by 28 U.S.C. § 1446(d).  A copy of the Certificate of Filing of Defendant's Notice of

14  Removal is attached as Exhibit 2.

15      18.    The undersigned has read this Notice of Removal, and to the best of the

16  undersigned's knowledge, information and belief, formed after reasonable inquiry, certifies that

17  Defendant's factual allegations have evidentiary support and their legal contentions are warranted

18  by existing law.  The undersigned also certifies that this Notice of Removal is not interposed for

19  any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost

20  of litigation.

21                      **FEDERAL QUESTION JURISDICTION**

22      19.    Federal courts have jurisdiction over all civil actions arising under federal law.  28

23  U.S.C. § 1331.  To determine whether the action arises under federal law, courts apply the "well-

24  pleaded complaint rule." *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998).  Under this

25  rule, claims arise under federal law only when a federal question is presented on the face of the

26  plaintiff's properly pleaded complaint. *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir.

NOTICE OF REMOVAL - 5

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

75466749v.1

2005).

20.    Under the so-called "artful pleading doctrine," courts recognize an exception to the well-pleaded complaint rule in cases where "federal law completely preempts a plaintiff's state-law claim." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475–76, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) (emphasis added). In such complete preemption cases, "any claim purportedly based on that pre-empted state-law claim is considered, from its inception, a federal claim, and therefore arises under federal law." *Id*.

21.    The Railway Labor Act ("RLA") 45 U.S.C §§ 151, *et seq*., 181, *et seq*. governs the relationship between air and rail carrier employers and their union employees. *Westbrook v. Sky Chefs, Inc.,* 35 F.3d 316, 317 (7th Cir. 1994). The RLA was enacted to "promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes." *Hawaiian Airlines, Inc. v. Norris,* 512 U.S. 246, 252 (1994) (citing *Atchison, T. & S.F.R. Co. v. Buell,* 480 U.S. 557, 562 (1987).  The RLA establishes a "mandatory arbitral mechanism for 'the prompt and orderly settlement'" of major and minor disputes. *Id.; see also* 45 U.S.C. §151a. Major disputes are those that create contractual rights, such as "rates of pay, rules or working conditions," while minor disputes "group out of grievances or out of the interpretation or application of agreement covering rates of pay, rules, or working conditions." *Hawaiian,* 512 U.S. at 252-53; *see also Railway Labor Executives' Ass'n v. Staten Island Railroad Corp.*, 792 F.2d 7, 11 (9th Cir. 1986).

22.    United is a common carrier by air and therefore covered by the RLA.

23.    Plaintiff works for United as a Station Operations Representative (SOR) at SeaTac, Washington. (Compl. ¶ 11). Plaintiff is represented for the purposes of a collective bargaining with United by The International Association of Machinists and Aerospace Workers ("IAMAW"). Karpierz Decl.,  ¶ 6, Ex. A.

24.    United and IAMAW are parties to a collective bargaining agreement ("CBA"), which governs Plaintiff's terms and conditions of employment. Karpierz Decl. ¶ 7 and Ex. A.

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

25.    The CBA contains a three-step grievance and arbitration procedure for the resolution of disputes arising under the CBA. Karpierz Decl. ¶ 8 and Ex. A at Article 9. As required by the RLA, the procedure culminates in an arbitration hearing before the System Board of Adjustment:

> If the grievance remains unsettled after being processed through Step 3 above, the System General Chairman may request the case be heard by the System Board in compliance with Section 204, Title II of the Railway Labor Act as amended.

Karpierz Decl. Ex. A at Article 9, § B.3.d.; *See also* 45 U.S.C. ¶ 184.

26.    In her Complaint in the state court action, Plaintiff attempts to recast this contractual grievance into a statutory claim against Defendant, claiming that United discriminated against her on the basis of her actual, recorded, and/or perceived disability, failed to reasonably accommodated her disability, and retaliated against her in violation of the WLAD.

27.    Plaintiff's claims are a classic "minor dispute" under the RLA. *See Hawaiian,* 512 at 252-53. "The distinguishing feature of [a minor dispute] is that the dispute may be conclusively resolved by interpreting the existing [CBA]." *Gilmore v. Union Pac. Rail Rd. Co.,* No. S-09-2180 KJM DAD, 2012 U.S. Dist. LEXIS 108557, at *9 (E.D. Cal Aug. 2, 2012) (citing *Consolidated Rail Corp. v. Railway Labor Executives' Assn.,* 491 U.S. 299, 302, 109 S. Ct. 2477, 105 L. Ed. 2d 250 (1989)).

28.    Minor disputes must be adjudicated under the RLA arbitral mechanisms which include "an employer's internal dispute-resolution procedure and an adjustment board established by the unions and the employers." *Partida v. Union Pac. R.R. Co.,* 221 F.R.D. 623, 627 (C.D. Cal. 2004) (quoting *Monroe v. Missouri Pacific R. Co.,* 115 F.3d 514, 516 (7th Cir. 1997)).

29.    Although Plaintiff does not directly refer to the CBA[1], Plaintiff's Complaint

---

[1] *See Addington v. US Airline Pilots Ass'n,* No. CV 08-1633-PHX-NVW, 2008 U.S. Dist. LEXIS 105831, at *12 (D. Ariz. Dec. 24, 2008) (stating that "[e]ven assuming the West Pilots' claims are not based on a collective bargaining agreement, they nevertheless are preempted because they interfere with the federal scheme of internal union decisionmaking and governance.").

NOTICE OF REMOVAL - 7

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

75466749v.1

1  allegations will involve a review of standards and procedures which are set forth, either explicitly
2  or implicitly, in the CBA between United and IAMAW.

3      30.    Accordingly, Plaintiff's state law claims are preempted by federal law and
4  removable to federal court. Therefore, subject matter jurisdiction exists under 28 U.S.C. § 1331,
5  and removal on this ground is appropriate.[2]

6      DATED: September 28, 2021          SEYFARTH SHAW LLP

7                                        By: *s/ Lauren Parris Watts*
8                                            Lauren Parris Watts, WSBA
                                             999 3rd Ave,  Ste. 4700
9                                            Seattle, Washington 98104
                                             Telephone: (206) 946-4970
10                                           Facsimile:  (206) 946-4901
11                                           lpwatts@seyfarth.com

12                                          *Attorneys for Defendant*

---

[2] There is a circuit split on the issue of whether the RLA completely preempts minor disputes. *Compare Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 277 (2nd Cir.2005) (finding no minor-dispute complete preemption under the RLA); *Roddy v. Grand Trunk W.R. Inc.*, 395 F.3d 318, 326 (6th Cir.2005) (same); *Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1357 (11th Cir. 2003) (same), *with BIW Deceived v. Local S6, Marine & Shipbuilding Workers*, 132 F.3d 824, 831–33 (1st Cir.1997) (finding complete minor-dispute preemption under the RLA); *Richardson v. United Steelworkers of Am.*, 864 F.2d 1162, 1165–67 (5th Cir.1989) (same); and *Deford v. Soo Line R.R. Co.*, 867 F.2d 1080, 1085 (8th Cir.1989) (same).

NOTICE OF REMOVAL - 8

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

75466749v.1

1

**CERTIFICATE OF SERVICE**

2       I hereby declare that on this 29th day of September, 2021, I caused a copy of ***Notice of***

3  ***Removal*** to be electronically filed with the Court using ECF-Filing system which will send

4  notification of such filing to the following:

5
John Barton
6  Barton Law Firm
1567 Highlands Dr. NE, Ste. 110-34
7  Issaquah, WA 98029-6245
P: (425) 243-7960
8  thebartonlawfirm@gmail.com

9  ***Attorney for Plaintiff***

10

11                                          *s/ Valerie Macan*
Valerie Macan

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF REMOVAL - 9

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910