UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMY KONDA,<br><br>                Plaintiff,<br>    v.<br><br>UNITED AIRLINES, INC.,<br><br>                Defendant. | CASE NO. 2:21-cv-01320-LK<br><br>ORDER DENYING STIPULATED MOTION FOR LEAVE, TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED, AND SCHEDULING MEET AND CONFER AND ORAL ARGUMENT |

      This matter comes before the Court on the parties' Stipulated Motion for Leave to file motions the Court already ordered the parties not to file. Dkt. No. 51. For the reasons below, the Court denies the Motion and orders the parties to show cause why sanctions should not be imposed.

      On March 2, 2023, Defendant United Airlines filed a motion for a protective order to quash or limit some of Plaintiff Amy Konda's Federal Rule of Civil Procedure 30(b)(6) topics. Dkt. No. 41. The same day, Konda filed a motion to compel responses on some of those same topics. Dkt. No. 43. To avoid this "duplicative motion practice," the Court struck the motions and ordered the parties to submit a joint motion pursuant to Local Civil Rule 37(a)(2) "[i]n place of" the stricken motions no later than March 10, 2023. Dkt. No. 45.

On the due date, the parties did not submit a joint motion as required by the Court's Order. Instead, they sought once again to file duplicative motions. Specifically, they ask the Court to allow United Airlines to "refile its Motion for Protective Order," and to allow Konda to "bring a motion to compel" on written discovery topics if the parties fail to reach agreement after meeting and conferring. Dkt. No. 51 at 1–2.

The parties are not entitled to excuse themselves from Court orders absent prior authorization from the Court. *See, e.g.*, LCR 7(j). Not only did they fail to comply with the Court's Order and violate LCR 7(j), but their motion also indicates that they did not meaningfully meet and confer or consider each other's positions prior to filing their now-stricken motions or prior to filing their instant motion for leave. *See* Dkt. No. 51 at 2.

Accordingly, the Court ORDERS as follows:

1. The parties' Stipulated Motion, Dkt. No. 51, is DENIED.

2. By no later than March 20, 2023, the parties are ordered to show cause why sanctions should not be imposed for their failure to comply with the Court's Order, Dkt. No. 45, and their violation of LCR 7(j). Each party's brief shall not exceed 2,100 words and shall include a certification of word count.

3. By no later than March 31, 2023, the parties must meaningfully meet and confer, and if they are unable to resolve the dispute, submit the Rule 37(a)(2) joint motion required by this Court's Order. Dkt. No. 45. The motion shall comply with Local Civil Rule 37(a)(2)(A)–(H).

4. If the parties have been unsuccessful in resolving their discovery dispute, on Friday, April 7, at 3:30 p.m., they shall meet and confer again for one hour in a conference room at the United States Courthouse. At 4:30 p.m. that day, the Court will hear oral argument regarding sanctions and regarding any disputes that remain after the

parties' meet and confer. Oral argument will take place in courtroom 16106. Counsel shall contact the Courtroom Deputy for the location of the conference room.

Counsel shall immediately notify the Court if the Rule 37 motion is resolved prior to the April 7, 2023 discovery conference scheduled above.

Dated this 13th day of March, 2023.

Lauren King
United States District Judge