1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10
11
12
13
14
15

| | |
|---|---|
| AMY KONDA, | CASE NO. 2:21-cv-01320-LK |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL |
| v. | |
| UNITED AIRLINES, INC., | |
| Defendant. | |

16     This matter comes before the Court on Defendant United Airlines, Inc.'s motion to compel.

17   Dkt. No. 36. In this disability discrimination case, United seeks an order compelling Plaintiff Amy

18   Konda to produce medical records in her possession and "sign a medical release and authorization"

19   so United can "obtain [her] outstanding medical records responsive to Defendant's First Requests

20   for Production." *Id.* at 2. For the reasons set forth below, the Court grants the motion in part and

21   denies it in part.[1]

22
23
24

---

[1] Because the motion can be resolved based on the parties' filings, the Court denies United's request for oral argument.

# I.   BACKGROUND

Since 2002, Konda has worked for United at SeaTac Airport as a Station Operations Representative ("SOR"). Dkt. No. 1-1 at 4. Konda has diabetes and alleges that decades ago, United wrongfully instituted a "diabetic policy" that precluded employees with diabetes and other medical conditions from operating jet bridges. *Id.* at 3–4. In 2018, United announced that SORs would be required to operate jet bridges. *Id.* at 4. According to Konda's complaint, United initially did not respond to her repeated questions about what she should do with respect to the required jet bridge training in light of United's diabetic policy. *Id.* at 4–5. After the deadline for completing such training passed, United required Konda to undergo a medical evaluation and told her the only possible accommodation was for her to transfer to another position. *Id.* at 5–6. Konda did not accept that accommodation, and United placed her on unpaid leave for approximately 10 weeks from July 2018 to September 2018. *Id.* at 6–8. She was allowed to resume working after she and United agreed that she would carry a medical kit, called a "Go Pack," with her while she operated jet bridges. *Id.* at 8; Dkt. No. 40 at 2.

Konda filed suit in King County Superior Court on July 2, 2021 and served United with the summons and complaint on September 8, 2021.  Dkt. No. 1 at 1–2. Konda asserts claims under the Washington Law Against Discrimination ("WLAD"), Wash. Rev. Code § 49.60 *et seq.*, for disability discrimination, failure to reasonably accommodate her disability, and retaliation, Dkt. No. 1-1 at 9–11. On September 28, 2021, United removed the case to this Court based on diversity and federal question jurisdiction. Dkt. No. 1 at 2–8. With respect to the latter, United contends that the Railway Labor Act, 45 U.S.C §§ 151, *et seq.*, 181, *et seq.*, preempts Konda's claims and provides federal question jurisdiction. Dkt. No. 1 at 5–8.

This discovery dispute, which has dragged on for nearly a year, ensued. On April 6, 2022, United served its First Set of Interrogatories and Requests for Production to Plaintiff. Dkt. No. 37

at 1. Konda provided responses and supplemental responses in June 2022. Dkt. No. 37 at 2. Despite the supplement, United still considered her responses to be deficient, and after attempting to resolve the dispute with Konda for two months, filed a motion to compel in November 2022. *Id.* at 2–3; Dkt. No. 27. Soon after, Konda "corrected all discovery deficiencies except for the production of documents responsive to [Requests for Production] 9, 18–19 (related to Plaintiff's health condition and medical records)." Dkt. No. 37 at 3. United withdrew its motion to compel. Dkt. No. 30 at 1.

The parties continued to confer, and Konda eventually produced medical records from August 13, 2018 through February 8, 2022. Dkt. No. 37 at 3. However, United continues to seek all medical records responsive to its Requests for Production 9, 18, and 19:

**REQUEST FOR PRODUCTION NO. 9:** Please produce all communications between Plaintiff and any person regarding Plaintiff's health (including mental and physical health) while Plaintiff has been employed by Defendant regarding the allegations in the Complaint.

**REQUEST FOR PRODUCTION NO. 18:** Produce all documents, including without limitation bills, statements, correspondence, progress notes, and prescriptions, that refer or relate to [every physical, emotional or mental ailment, complaint, condition, injury, or illness, which you claim to have suffered as a result of the wrongful conduct alleged in the Complaint].

**REQUEST FOR PRODUCTION NO. 19:** Produce all documents that refer or relate to [every clinic, hospital, physician, psychiatrist, psychologist, therapist, counselor or other health care provider that has consulted with and/or treated you for any reason since January 1, 2017].

Dkt. No. 37 at 3, 12, 16 (bracketed text in corresponding interrogatories).

## II.  DISCUSSION

United argues that it is entitled to the medical records Konda has withheld because she has waived any privilege associated with those records. Dkt. No. 36 at 6–7; Dkt. No. 47 at 2–4. It asserts that without those records, discovery "has essentially come to a halt[.]" Dkt. No. 36 at 5. Konda counters that her medical records are privileged and irrelevant, and that their disclosure

would unnecessarily invade her privacy. Dkt. No. 39 at 6, 8, 11.

## A.      The Meet and Confer Requirement

A motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); *see also* LCR 37(a)(1). Here, the parties met and conferred on January 30, 2023, but were unable to resolve the matter. Dkt. No. 36 at 9; Dkt. No. 37 at 4.

## B.      Applicable Law Regarding Privilege

Each party is entitled to discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In evaluating a disputed discovery request, the Court should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Materials need not be admissible in evidence to be discoverable. *Id.* District courts ultimately retain broad discretion to permit or deny discovery, *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002), and this broad discretion encompasses relevancy determinations, *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

United argues that federal law governs the privileges at issue. Dkt. No. 36 at 6, 8; Dkt. No. 47 at 2–4; *see, e.g.*, *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367 n.10 (9th Cir. 1992) (per curiam) (noting that federal common law applies to privilege issues in federal question cases). Although it is true that the federal law of privilege applies to a case that involves both state and federal claims, *Wilcox v. Arpaio*, 753 F.3d 872, 876 (9th Cir. 2014), state law governs privilege where a federal court is sitting in diversity. *Microsoft Corp. v. Immersion Corp.*, No. C07-

936RSM, 2008 WL 11343462, at *2 (W.D. Wash. Mar. 24, 2008); Fed. R. Evid. 501 ("[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.").[2] Although United alleges federal question jurisdiction based on complete preemption under the Railway Labor Act, Dkt. No. 1 at 5–8, at this point it is unclear at best that such jurisdiction exists. *See, e.g.*, *Miglio v. United Airlines*, No. C13-573RAJ, 2014 WL 1089285, at *5 (W.D. Wash. Mar. 17, 2014) (declining to dismiss WLAD claim on the basis of Railway Labor Act preemption because "United has pointed to no dispute over the interpretation of the CBA that will *necessarily* arise in the course of this litigation" and "it is entirely possible for [plaintiff] to litigate this suit in a way that does not require interpretation of the CBA"); *see also Humble v. Boeing Co.*, 305 F.3d 1004, 1009 (9th Cir. 2002) (declining to find complete preemption under an analogous statute where the WLAD provided "independent, and more extensive reasonable accommodation duties"). In its notice of removal, United asserted in the alternative that the Court has diversity jurisdiction. Dkt. No. 1 at 2–5. The Court agrees that there is an adequate basis to exercise jurisdiction over this dispute under 28 U.S.C. § 1332. *See id.* Therefore, the Court, sitting in diversity, applies state privilege law.

## C.   United Is Entitled to Certain of Konda's Medical Records Because She has Waived the Physician-Patient Privilege

The physician-patient and psychologist-patient privileges are protected by statute in Washington. Wash. Rev. Code § 5.60.060(4) (physicians); *Id.* § 18.83.110 (psychologists). As Konda concedes, plaintiffs waive the physician-patient privilege by filing a claim for damages alleging disability discrimination. Dkt. No. 39 at 9; *see* Wash. Rev. Code § 5.60.060(4)(b) ("Ninety

---

[2] The Notes to Rule 501 explain that "in diversity cases where the litigation in question turns on a substantive question of State law, . . . the committee believes it is clear that State rules of privilege should apply unless the proof is directed at a claim or defense for which Federal law supplies the rule of decision (a situation which would not commonly arise)." Fed. R. Evid. 501, Notes of Committee on the Judiciary, Senate Report No. 93-1277.

days after filing an action for personal injuries or wrongful death, the claimant shall be deemed to waive the physician-patient privilege."); *Sherman v. State*, 905 P.2d 355, 377 (Wash. 1995) ("By filing an action for damages in which he included claims of handicap discrimination and defamation, Dr. Sherman has waived the physician/patient privilege."). The WLAD also provides that a plaintiff waives health care privileges in seeking noneconomic damages if she alleges "a specific diagnosed physical or psychiatric injury as a proximate result of the respondents' conduct, and relies on the records or testimony of a health care provider or expert witness to seek general damages," or alleges "failure to accommodate a disability or . . . discrimination on the basis of disability." Wash. Rev. Code § 49.60.510(1)(a)–(b).

Konda argues that even if her lawsuit "technically" waives the physician-patient privilege, records about her diabetes are not relevant because there is no dispute that she has diabetes or that the Go Pack is an effective accommodation. Dkt. No. 39 at 6, 8–9. But United's requests are not limited to records regarding her diabetes. *See* Dkt. No. 37 at 3, 12, 16. And Konda has made her diabetes—and other medical issues—relevant by alleging that United failed to accommodate her and discriminated against her because of her diabetes and thereby caused her to suffer other maladies. Dkt. No. 1-1 at 9–10, 12; *see also, e.g.*, *Rollins v. Traylor Bros., Inc.*, C14-1414-JCC, 2017 WL 1756576, at *6 (W.D. Wash. May 5, 2017) (denying protective order regarding medical records and allowing Defendants to obtain "all medical records relating to" plaintiff's medical condition because plaintiff claimed adverse action based on that condition). Because records regarding Konda's diabetes are relevant and she has waived her physician-patient privilege by alleging disability discrimination and failure to accommodate, the Court will compel her to produce records regarding her diabetes.

With respect to the other maladies Konda blames on United—anxiety, weight loss, loss of appetite, and gastrointestinal issues—it appears that she is only seeking noneconomic damages.

*See, e.g.*, Dkt. No. 37 at 28–29, 54. Therefore, she has waived any associated health care privilege under the WLAD to the extent those conditions constitute specific diagnosed injuries and she intends to rely on related records or testimony of a health care provider or expert witness to seek general damages. *See* Wash. Rev. Code § 49.60.510(1)(a)–(b). If so, Konda must produce records responsive to such conditions for the time period set forth in the next section.

In sum, Konda must produce all responsive medical records regarding her diabetes, and with respect to other maladies for which she seeks noneconomic damages and will rely on the records or testimony of a health care provider or expert witness to seek general damages, responsive medical records from the time period below pertaining to those maladies that constitute a specific diagnosed physical or psychiatric injury. The Court finds that Konda's concerns about her privacy are mitigated by the protective order. Dkt. No. 22 at 2 (including "Plaintiff's medical records" in the definition of "Confidential" material).

## D. United Is Entitled to Certain of Konda's Mental Health Records to the Extent She Has Waived the Psychologist-Patient Privilege Under the WLAD

United argues that Konda's filing of her personal injury action also waived the psychologist-patient privilege under Wash. Rev. Code § 5.60.060(4)(b). Dkt. No. 47 at 3. But a waiver of the psychologist-patient privilege is not "automatic" like the waiver of the physician-patient privilege in personal injury actions. *Magney v. Truc Pham*, 466 P.3d 1077, 1087 (Wash. 2020). And the case on which United relies to support such a waiver in turn relied on a case that was subsequently abrogated in relevant part by the recent amendment to the WLAD that limits access to health care records (discussed above). Dkt. No. 47 at 3 (citing *Carrig v. Kellogg USA Inc.*, No. C12-837-RSM, 2013 WL 392715, at *2 (W.D. Wash. Jan. 30, 2013) (relying on *Lodis v. Corbis Holdings, Inc.*, 292 P.3d 779, 791 (Wash. Ct. App. 2013))); *see Magney*, 466 P.3d at 1086–87 (questioning the continued validity of *Lodis*); *see also id.* at 1092 (Gordon McCloud, J.,

concurring in part) ("[T]he legislature has now passed a law that effectively overrules *Lodis*"

(citing Wash. Rev. Code § 49.60.510)).

Again, seeking noneconomic damages under the WLAD does not waive any health care

privilege unless the plaintiff (1) alleges that the defendant proximately caused "a specific

diagnosed physical or psychiatric injury" and "relies on the records or testimony of a health care

provider or expert witness to seek general damages" for such injury, or (2) alleges "failure to

accommodate a disability or . . . discrimination on the basis of disability." Wash. Rev. Code

§ 49.60.510(1)(a)–(b). Konda has alleged both a failure to accommodate and discrimination based

on her disability. Dkt. No. 1-1 at 9–11. She has also asserted that United caused her to suffer

anxiety, weight loss, loss of appetite, and gastrointestinal issues. Dkt. No. 37 at 29, 54.

Accordingly, to the extent those conditions constitute specific diagnosed injuries and Konda

intends to rely on the records or testimony of a health care provider or expert witness to seek

general damages with respect to those conditions, she has waived any associated health care

privilege, including the psychologist-patient privilege. *See* Wash. Rev. Code § 49.60.510(1)(a)–

(b).

With respect to the scope of the waiver, the statute provides that:

[a]ny waiver under subsection (1)(a) and (b) of this section is limited to health care records and communication between a claimant and his or her provider or providers:

(a) Created or occurring in the period beginning two years immediately preceding the first alleged unlawful act for which the claimant seeks damages and ending at the last date for which the claimant seeks damages, unless the court finds exceptional circumstances to order a longer period of time; and

(b) Relating specifically to the diagnosed injury, to the health care provider or providers on which the claimant relies in the action, or to the disability specifically at issue in the allegation.

*Id.* § 49.60.510(2)(a)–(b). Those categories apply to records regarding physical and mental

conditions because the statute encompasses both. *Id.* § 49.60.510(1)(a), (2)(b).[3] The relevant time period of the waiver is "the period beginning two years immediately preceding the first alleged unlawful act for which the claimant seeks damages and ending at the last date for which the claimant seeks damages," absent exceptional circumstances justifying a longer period of time. *Id.* § 49.60.510(2)(a). Neither party addresses when that time period began. However, the first unlawful action alleged by Konda appears to be United's February 23, 2018 failure to respond to her question about jet bridge training. Dkt. No. 1-1 at 4. United identifies no exceptional circumstances justifying an extension of the two-year statutory waiver period. Therefore, to the extent the maladies for which Konda seeks noneconomic damages constitute a specific diagnosed physical or psychiatric injury and Konda will rely on the records or testimony of a health care provider or expert witness to seek general damages, Konda must produce responsive records dating back to February 23, 2016.

## E.   Konda Is Required to Sign a Medical Release

United argues that the Court should require Konda to sign an authorization releasing her medical records. Dkt. No. 36 at 8–9. The "collegial practice of signing stipulations for records releases is fairly routine in this district." *Robertson*, 2020 WL 1819842, at *7 n.7 (cleaned up). But if a party refuses, the Court can require parties to sign medical releases to obtain records. *See Putterman v. Supreme Chain Logistics, Ltd.*, No. C18-376-RSM, 2018 WL 6179325, at *3 (W.D. Wash. Nov. 27, 2018) (collecting cases); *Lee v. Asplundh Tree Expert Co.*, No. C17-719-MJP, 2017 WL 6731978, at *1 (W.D. Wash. Dec. 29, 2017) (compelling plaintiff to provide defendant with signed stipulations of release for her medical records). Konda does not dispute, or even

---

[3] Because federal privilege law does not apply and the Court can apply the WLAD's statutory language, it does not wade into the murky waters of determining whether Konda is alleging "garden variety" emotional distress or something more. *See, e.g.*, *Carrig*, 2013 WL 392715, at *2 (explaining the federal common law approach to waiver for the psychotherapist-patient privilege).

1  address, the issue of releases. Therefore, the Court orders her to sign medical releases to allow

2  United to obtain the medical records identified above.

### III.   CONCLUSION

The Court GRANTS IN PART AND DENIES IN PART United's motion, Dkt. No. 36, and compels Konda to produce medical records responsive to United's Requests for Production 9, 18, and 19 as follows:

- With respect to her diabetes, all responsive medical records;
- With respect to other maladies for which Konda seeks noneconomic damages and will rely on the records or testimony of a health care provider or expert witness to seek general damages, responsive medical records dating back to February 23, 2016 pertaining to those maladies that constitute a specific diagnosed physical or psychiatric injury.

The Court denies the motion as to any other health care records.

Dated this 10th day of April, 2023.

Lauren King
United States District Judge